COMMONWEALTH *vs.* BRIAN HENDERSON.

Hampden. October 9, 1991. - December 5, 1991.

Present: LIACOS, C.J., WILKINS, LYNCH, O'CONNOR, & GREANEY, JJ.

*Practice, Criminal*, Preservation of evidence, Loss of evidence by prosecu-
tion, Dismissal. *Due Process of Law*, Loss of evidence by prosecution.

In a criminal case in which notes taken by a police officer pertaining to the
victim's description of her assailant were either lost or destroyed, ap-
parently without any bad faith on the part of the government, the judge
was warranted, in the exercise of his discretion, in dismissing an indict-
ment charging the defendant with unarmed robbery where, after prop-
erly weighing the relevant factors, he concluded that the absence of the
notes created a strong possibility of prejudice to the defendant. [311-
312]

INDICTMENT found and returned in the Superior Court De-
partment on July 25, 1990.

A motion to dismiss was heard by *John F. Moriarty*, J.

The Supreme Judicial Court on its own initiative trans-
ferred the case from the Appeals Court.

*Brett J. Vottero*, Assistant District Attorney, for the
Commonwealth.

*M. Page Kelley*, Committee for Public Counsel Services,
for the defendant.

WILKINS, J. A judge of the Superior Court dismissed an
indictment charging the defendant with unarmed robbery.
We transferred the Commonwealth's appeal to this court and
now affirm the judge's order.

A police officer who interviewed the victim after an un-
armed robbery in August, 1987, wrote down the victim's
description of her assailant. That description, which has been
lost or destroyed, was potentially exculpatory evidence. There
is no indication that the government lost or destroyed the evi-

dence in bad faith. In such a situation, the law of the Commonwealth provides that, on a motion to dismiss charges because of the government's loss of potentially exculpatory evidence, the judge must consider and balance the degree of culpability of the government, the materiality of the evidence, and the potential prejudice to the defendant in order to protect the defendant's constitutional due process right to a fair trial. See *Commonwealth* v. *Olszewski*, 401 Mass. 749, 754-755 (1988). If the loss of the evidence threatened the defendant's right to a fair trial, the judge has discretion concerning the manner in which to protect the defendant's rights. We conclude that, after he properly weighed the relevant factors, the judge was warranted, in the exercise of his discretion, in dismissing the indictment. We see no indication that the Commonwealth urged some sanction less severe than dismissal if the judge were to conclude that the loss of the written description violated the defendant's due process rights.

The defendant was charged with the crime more than two years after it occurred. While the victim was serving on a six-person jury in a case in which the defendant was on trial, she recognized the defendant as the man who had robbed her.

Weighing the appropriate factors, the judge determined that the interests of justice would be best served by dismissing the indictment. The judge concluded that the degree of police fault in losing the written description of the defendant was not great, considering the passage of time, but that some mechanism should be in place to preserve information of this type. It was, of course, impossible to determine whether the lost notes would have been material and exculpatory, but there was the reasonable possibility, the judge rightly said, that the notes, if saved, could have been used to impeach the identifying witness. He ruled that, because of the length of time that had passed and the suggestive circumstances under which the victim identified the defendant,

the absence of the notes created a strong possibility of prejudice.[1]

The Commonwealth argues that the judge applied the wrong standard in assessing the consequences of the loss of the police notes. It claims that *Arizona* v. *Youngblood*, 488 U.S. 51, 58 (1988), has established that due process of law is not denied unless the defendant can show the police acted in bad faith in failing to preserve potentially useful evidence.

The rule under the due process provisions of the Massachusetts Constitution is stricter than that stated in the *Youngblood* opinion. See *Commonwealth* v. *Phoenix*, 409 Mass. 408, 412 n.1 (1991); *Commonwealth* v. *Olszewksi*, *supra*. Other States recently dealing with claims that the police lost allegedly exculpatory evidence have held the government to higher due process of law standards under their State constitutions than the bad faith test stated in *Arizona* v. *Youngblood*, *supra*. See *Thorne* v. *Department of Pub. Safety*, 774 P.2d 1326, 1330 n.9 (Alaska 1989); *State* v. *Youngblood*, 164 Ariz. 61, 64 (Ct. App. 1989); *Hammond* v. *State*, 569 A.2d 81, 87 (Del. 1989); *State* v. *Matafeo*, 787 P.2d 671, 673 (Haw. 1990); *State* v. *Smagula*, 133 N.H. 600, 603 (1990). Contra *People* v. *Cooper*, 53 Cal. 3d 771, 811 (1991) (adopting the *Youngblood* bad faith standard as a matter of State constitutional law). The fact that the police did not act in bad faith when they negligently lost the potentially exculpatory evidence cannot in fairness be dispositive of the issue. See *Commonwealth* v. *Willie*, 400 Mass. 427, 432-433 (1987). As Justice Stevens said, concurring in the *Youngblood* case, "there may well be cases in which the defendant is unable to prove that the State acted in bad faith but in which the loss or destruction of evidence is nonetheless so critical to the defense as to make a criminal trial fundamentally unfair." *Arizona* v. *Youngblood*, *supra* at 61 (Stevens, J., concurring).

---

[1]The victim and the police made a composite sketch of the assailant that has not been lost, but it was not presented to the judge. The existence of the composite sketch does not make the defendant's proof inadequate or the judge's conclusion inappropriate.

We adhere to the due process of law principles that we have previously expressed for determining the consequences of the government's loss of potentially exculpatory evidence. In this case, the judge applied the proper test and did not abuse his discretion in dismissing the indictment.

*Order dismissing
indictment affirmed.*