Connolly, J.
In May 1992, while at Dorchester District Court on a different and unrelated matter, the defendant Brian Lee was arraigned on Complaint No. 8607-CR-7258, Commonwealth v. Michael A. Costa. The charges of Armed Robbery pursuant to G.L.c. 265 §17 and Larceny of a Motor Vehicle pursuant to G.L.c. 266 §28 were subsequently bound-over and appear as indictments Nos. SUCR92-11152-001 & -002, Com*118monwealth v. Brian Lee, Alias. The defendant now seeks to dismiss these indictments on the ground that the Commonwealth has failed to comply with several discovery orders. Specifically, the defendant claims that without the ordered discovery, which includes police reports and notes, witness statements, details of a photographic identification procedure, and a list of potential witnesses, he cannot obtain a fair trial based on due process of law as guaranteed by the Fourteenth Amendment of the United States Constitution and Article Twelve of the Mássachusetts Declaration of Rights.
A hearing on the motion was held on September 10, 1993 during which the court received into evidence several exhibits including the complaint application and complaint for Michael A. Costa (Hearing Exhibit 1), the probation record of Brian Lee (Hearing Exhibit 2), the criminal record of Michael A. Costa (Hearing Exhibit 3), portions of the transcript of the probable cause hearing held in Dorchester District Court on June 10, 1992 (Hearing Exhibits 4 & 5) and the police report (Hearing Exhibit 6).
For the reasons set forth below, the defendant’s motion to dismiss the indictments, with prejudice, is ALLOWED.
BACKGROUND
On August 31, 1986, Parvin Duffy and Suzanne Quinn were robbed of $170.00 and their motor vehicle behind a Burger King in Mattapan. The victims immediately reported the incident, and went to the Area E police to look through several books of photographs. Duffy eventually selected a photograph of an individual whom he believed was the person who had robbed him. The police officer who witnessed the photographic identification process was Detective William Cantin. Detective Cantin also signed and completed the “Incident Report.” See Hearing Exhibit 6.
On October 29, 1986, Detective Cantin applied for and received a Dorchester District Court complaint (No. 8607-CR-7258) for Michael A. Costa of 114 Wood Avenue, Hyde Park, MA. Other defendant identification information according to the application included Costa’s date of birth, 12/25/65; birth place, Rochester, NY; social security number, 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; height, 5’9"; weight, 145; race, black; eyes, brown; and hair, black. See Hearing Exhibit 1. Although a warrant was issued for Michael A. Costa, he was not apprehended.
In May 1992 Brian Lee was apprehended on a different and unrelated matter, and was also arraigned in Dorchester District Court on Complaint No. 8607-CR-7258, Commonwealth v. Michael A. Costa, Brian Lee’s probation record and Michael A. Costa’s criminal record show no alias to each other. See Hearing Exhibits 2 & 3. Additionally, both records indicate different birth dates, birth places, addresses, names of parents, and social security numbers. See Hearing Exhibits 2 & 3.
A probable cause hearing was held on June 10, 1992 in Dorchester District Court. The alleged victim, Mr. Duffy, testified at the hearing that while giving a description, someone was taking notes.1 See Hearing Exhibit 5, p. 27.
Additionally, over his objection, Lee was ordered to participate in a line-up. Mr. Duffy chose Lee as the person who had robbed him six years ago although he stated that he was only 70-75% sure that Lee was the perpetrator.
The defendant contends that he is not Michael A. Costa, and that although he was apprehended on several occasions since 1986, he was not charged with the instant offenses until May 1992. The defendant also contends that the victim’s description of the perpetrator given at the probable cause hearing differs significantly from that given immediately after the incident on August 1986. As such, the defendant contends that without the requested discovery, he cannot impeach the alleged victim nor can he obtain a fair trial.
The Commonwealth was ordered to comply with the request for discovery by March 11, 1993 and May 20, 1993, but it did not comply. Additional compliance orders were issued in June and July 14, 1993. The Commonwealth still has not complied.
Detective Catlin has been removed from the Boston Police Department and is no longer a police officer. According to the Commonwealth, Detective Catlin is unavailable to testify at the trial on this case because he has no memory of this case nor does he remember any details.
DISCUSSION
A defendant has a constitutional right to obtain all exculpatory evidence in the possession, custody or control of the prosecutor. Mass.R.Crim.Proc. 14(a)(1)(C). The Commonwealth has an obligation to disclose “evidence favorable to an accused upon request. . . where the evidence is material either to guilt or to punishment . . .” Commonwealth v. Sasville, 35 Mass.App.Ct. 15, 19 (1993), quoting Brady v. Maryland, 373 U.S. 83, 87 (1963). The law of the Commonwealth provides that, on a motion to dismiss charges because of the government’s loss of potentially exculpatory evidence, “the judge must consider and balance the degree of culpability of the government, the materiality of the evidence, and the potential prejudice to the defendant in order to protect the defendant’s constitutional due process right to a fair trial.” Commonwealth v. Henderson, 411 Mass. 309, 311 (1991), citing Commonwealth v. Olszewski, 401 Mass. 749, 754-55 (1988). See also Sasville, supra at 20-21. The defendant, however, “need not show conclusively the exculpatory nature of the destroyed evidence but, rather, must establish *119a’reasonablepossibility,based on concrete evidence rather than a fertile imagination,’ that access to the [destroyed material] would have produced evidence favorable to his cause.” Sasville, supra at 20, quoting Commonwealth v. Neal, 392 Mass. 1, 12 (1984). The defendant, therefore, must establish that “it was reasonably possible that the destroyed evidence was exculpatory.” Id. at 21.
“If a defendant establishes that the Commonwealth has destroyed potentially exculpatory evidence, then the judge next must consider the appropriateness and extent of remedial action to ensure the defendant’s right to a fair trial ... In some circumstances, the proper remedy is dismissal of the indictment.” (Citations omitted.) Sasville, supra at 21, citing Henderson, supra at 310.
In the instant case, the Commonwealth is unable to produce the requested evidence which is potentially exculpatory. Much time has elapsed since the incident occurred, and the investigating officer who witnessed the photographic identification procedure has since been removed from the Boston Police Department. Although there is no evidence that the Commonwealth lost or destroyed the requested evidence in bad faith, procedures should be in place to preserve the loss of information of this type. Henderson, supra at 309-10.
In the instant case, the alleged victim, Duffy, testified at the probable cause hearing that someone was taking notes of his description of the perpetrator the day of the incident in August 1986. Duffy also testified that immediately after the incident and after viewing several books of photographs, he selected a photograph of an individual whom he believed was the person who had robbed him. Two months after the incident in 1986, a complaint was issued for Michael A. Costa. The defendant, who was not arraigned on these charges until May 1992, states that he is not Costa. There is no alias linking Michael A. Costa to Brian Lee, and the identification characteristics in Lee’s probation record and Costa’s criminal record differ in many ways. The missing notes and the information regarding the photographic identification process is highly material and potentially exculpatory.
“Where destroyed evidence is determined to be material, it is nevertheless unlikely that the prejudice to the defendant would be high where there is additional sufficient evidence upon which to convict him.” Sasville, supra at 26. In the instant case, the identification of the perpetrator is a central issue. Although the alleged victim selected the defendant during a line-up six years later, he stated that he was only 70-75% sure. Details of the photographic identification procedure and notes of the victim’s description given immediately after the incident are critical to the defendant’s defense. Such information could have been used to impeach the identifying witness. Henderson, supra at 310. Because of the length of time that has passed, absence of this information creates a strong possibility of prejudice. Id. at 311.
Additionally, a defendant has a right to be informed of the details of any out-of-court identification, even if it will not be used at trial. Commonwealth v. Dougan, 377 Mass. 303, 316 (1979). A “full exploration of the circumstances surrounding eyewitness identification is necessary to ensure a fair trial.” Dougan, supra at 317, citing Commonwealth v. Dickerson, 372 Mass. 783-89 (1977). As discussed above, identification is the central issue in the instant case. Without being informed of the details of the photographic identification, the defendant is denied his right to explore the confrontation process, and thus his right to a fair trial.
ORDER
For the foregoing reasons, it is hereby ORDERED that defendant’s motion to dismiss indictments, with prejudice, for failure to comply with discovery orders be ALLOWED.

 Only a portion of the hearing’s transcript was submitted into evidence. It is unclear from this portion who was taking notes. However, the witness responded “Uh . . . yes” to the question, “And was the (inaudible) taking notes at the time?” See Hearing Exhibit 5, page 27.