Brassard, J.
The defendants move to dismiss indictments for armed robbery with a dangerous weapon, to wit: a knife and/or bottle, and assaulting Mr. Frantz Hyppolite with intent to rob him, and thereby robbing and stealing money from him, on grounds that the Commonwealth’s failure to preserve alleged exculpatory evidence violates the defendants’ rights to due process. A hearing was conducted by the Court on September 24th and 25th, 1996.
FINDINGS OF FACTS
It is alleged that Modesto Borrero (“Borrero”) and co-defendant Lucas Roman (“Roman”) approached Mr. Frantz Hyppolite (“Hyppolite”) at approximately 1:00 a.m. while Hyppolite was waiting for a bus at the Davis Square MBTA station to return from work to his home in Arlington, Massachusetts. The defendants demanded money from Hyppolite. Hyppolite refused and said he had no money. Borrero had his hand in his pocket when he told Hyppolite he would be hurt if he did not give him money. At some point Hyppolite was cornered. Roman held a bottle in his hand, as Borrero took money and cigarettes from Hyppolite. Defendants were immediately apprehended and searched by police. Somerville police officers recovered Hyppolite’s property, a knife and a bottle from the defendants.
Defendants were arrested by Officer Paul Trant (“Trant”) and transported to the Somerville police station for booking. Trant did not notice anything to indicate that either defendant was intoxicated while they were on the street or when they arrived at the police station. Hyppolite did not tell Officer Trant that he noticed either defendant being intoxicated.
For the past seven years, it has been the policy of the Somerville Police Department to videotape all prisoners when they are booked. A copy of the original videotape is made only if the offense involves an allegation of operating under the influence of alcohol or drugs (“O.U.I.”). In all non-O.U.I. cases, the booking videotapes are held for 60 days and then reused. If a request is made to preserve the booking video or a court orders preservation of the video before 60 days, the video will be preserved and made available.
In the present case, no request was made by the defendants or by the court to preserve the booking video within 60 days of the booking. The videotape was reused and not preserved. Each of the defendants testified that he had consumed a great deal of alcohol during the time prior to the alleged offense and was intoxicated. Trant testified that the defendants did not appear intoxicated. It is not necessary for me to resolve this conflict in the testimony because there is sufficient evidence of intoxication to trigger review by the court of the loss of potentially exculpatory evidence.
Defendants move to dismiss the indictment against them on grounds that the Commonwealth’s failure to preserve the booking video deprives defendants of exculpatory evidence necessary for a fair trial since the video might demonstrate that defendants were intoxicated and not capable of the specific intent crimes of assault and robbery. For the following reasons, defendant’s motion to dismiss are DENIED.
RULINGS OF LAW
When considering a motion to dismiss because of the government’s loss of potentially exculpatory evidence, “the judge must consider and balance the degree of culpability of the government, the materiality of the evidence, and the potential prejudice to the defendant . . .” Commonwealth v. Henderson, 411 Mass. 309, 310 (1991), citing Commonwealth v. Olszweski, 401 Mass. 749, 754-55 (1988). “(T]he judge has discretion concern *731 ing the manner in which to protect the defendant’s rights.” Henderson, supra at 310. See also Commonwealth v. Otsuki, 411 Mass. 218, 230-32 (1991).
“Where evidence is lost or destroyed, it may be difficult to determine the precise nature of the evidence. While the defendant need not prove that the evidence would have been exculpatory, he must establish ”a ‘reasonable possibility, based on concrete evidence rather than a fertile imagination,’ that access to the [material] would have produced evidence favorable to his cause." Commonwealth v. Willie, 400 Mass. 427, 433 (1987). In the present case, I find that the videotape was potentially exculpatory.
Government’s culpability
“(T]he prosecutor should make every effort to disclose to the defendant exculpatory evidence which is available to the prosecution.” Commonwealth v. Olszewski, 401 Mass. 749, 753 (1988). “[P]olice are part of the prosecution and . . . the Commonwealth is to be held responsible for nondisclosure by them.” Id. Prosecutorial misconduct includes not only lack of disclosure by the prosecutor but also the “inept and ‘bungling’ performance of the police, which is attributed to the prosecutor.” Id.
“Our test does not require the Commonwealth to prove good faith or earnest efforts to preserve the evidence.” Willie, supra at 432. “The Commonwealth’s conduct is merely a factor to be weighed in determining its culpability. That culpability, if any, is then weighed along with the other two factors, materiality and prejudice, in determining whether, and to what extent, any remedy will be employed.” Willie, supra at 432, 433.
I find that the culpability of the government in this case is minimal. In addition to preserving evidence which may be relevant as to an operating under the influence charge, there may be other sound reasons for videotaping of the booking procedure by a police department. The police, for example, may wish to preserve evidence that the booking was done in an orderly fashion and without causing any physical harm to the individual being booked. That rationale would call for a fairly short term preservation of the videotape. It is also noteworthy that there is no requirement that booking be video taped. Further, the evidence in this case did not at all demonstrate that there was any belief on the part of any of the police officers involved with the arrest and booking that the videotape of the booking would in any sense be relevant to an armed robbery charge. This case does not present the kind of bad faith found by the Appeals Court in Commonwealth v. Sasville, 35 Mass.App.Ct. 15 (1993). Nor does it present an instance of gross negligence or negligence. The destruction of the tape here, more precisely its reuse, was at most an inadvertence.
Materiality
The videotape would have been material evidence. It may have created a reasonable doubt in the minds of the jury that would not otherwise exist. Commonwealth v. Otsuki, 411 Mass. 218 (1991). Although the videotape would have been material with respect to specific intent, I am unable to conclude that such evidence would have been highly material. Trant testified that in his experience, some arrestees who are intoxicated do not appear to be so on the videotape.
Prejudice
I find that at most the loss of the videotape consti tutes some prejudice to the defendants. There are a number of other witnesses who could offer testimony as to the level of intoxication, if any, of the defendants. In his testimony, Borrero said that he saw his mother during the course of the drinking done by both defendants. Further, Borrero testified that on three different occasions on the date in question, an individual known to the defendant purchased alcoholic beverages for the defendants . The testimony of Borrero was to the effect that he knew the “street name” of these individuals. Further, an acquaintance of the defendants drove the defendants to a party at which they continued to drink alcohol. Present at that party were a number of individuals, not known to the defendants but whom the defendants might be able to locate to offer testimony. The alleged victim of the crime could also testify as to the appearance of the defendants at that critical time. Further, the police officers may offer testimony on that issue. Finally, if they choose to, the defendants themselves can give testimony as to their level of intoxication.
Remedy
Weighing all three factors, culpability, materiality and prejudice, I do not believe that the “drastic remedy” of dismissal is warranted. Commonwealth v. Berito, 417 Mass. 674, 681 (1994). As Berito notes, the public has a “substantial interest in prosecuting those accused of crime and bringing the guilty to justice.” 417 Mass. at 681. (Citation omitted). Counsel for Borrero urges as an alternative remedy that no evidence be permitted from the police witnesses as to the mental state of the defendants. Again, weighing all three factors, I conclude that such a remedy would not be fair to the government, particularly in light of the virtually non-existent culpability of the government. The principal source of evidence as to the defendants’ state of mind from the point of view of the government is the expected testimony from the police officers. Although the alleged victim might be able to offer evidence on that point as well, his contact was more fleeting and obviously was viewed under more stressful circumstances.
I conclude that the more appropriate remedy is to permit each of the defendants to question about and comment upon the videotape which is no longer available. The police witnesses may be cross-examined on that point, and argument can be advanced in closing by counsel on that point.
For the foregoing reasons, it is ORDERED that defendants’ motions to dismiss the indictments are DENIED.