NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-1126

COMMONWEALTH

vs.

RON TEIXEIRA.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

After a jury-waived trial, a Superior Court judge found the defendant guilty of two counts of rape of a child, G. L. c. 265, § 23, and three counts of indecent assault and battery on a child under fourteen, G. L. c. 265, § 13B.  The defendant filed a motion for new trial, alleging ineffective assistance of counsel based on the alleged failures of his attorney in utilizing an expert witness and in challenging the admission of [a photographic copy of] a note which the Commonwealth claimed was written by the victim.  The motion judge, who was also the trial judge, denied the motion without a hearing.  This appeal followed.  We affirm.

Background.  We set forth the facts pertinent to this appeal.  The victim, SV, was thirteen years old when she testified at trial.  She stated that the defendant, who had been dating her mother and living in their home, committed the sexual acts against her when she was seven or eight years old.  When she was ten or eleven years old, and after the defendant had stopped living with her, she told her mother what the defendant had done to her.

SV informed her mother of the assaults by writing a note on a piece of paper and leaving it for her mother.  It read, "To Mom," on one side of the paper and on the other side, "Dear Mom I know you are going to get mad but you told me to tell you every thing.  Ron wose [sic] to put his privet [sic] in my mouth and my hand."  During trial, SV was shown a copy of the note and said she recognized it as the letter she put on the table for her mother.  SV's mother, after reading the note, asked SV if it was true and SV said yes.

At trial, the defendant advanced a theory that the note had not been written by SV.  Defense counsel had retained a handwriting expert, to whom he provided a copy of the note and examples of handwriting by both SV and her mother, but the expert did not testify at trial.  Additionally, while cross-examining SV, defense counsel asked her to rewrite the first sentence of the note on a piece of paper, so that the judge, as

trier of fact, would have an exemplar to compare handwriting against the copy of the note in evidence.

SV's mother testified as the first complaint witness. She stated that she found the note on the kitchen table, identified the copy of the note, and testified that the writing on it was that of SV. She then stated that she brought the original note to the New Bedford police station and gave it to Detective Cotter.

Detective Cotter testified that he met with SV's mother on October 10, 2016, and received from her a handwritten note on a "yellow line[d] two-sided piece of paper." He explained that while he was working in the sexual assault juvenile unit, his practice when receiving evidence on pieces of paper was to place the evidence "in a case file which is then filed in a file cabinet which was in the office that was assigned to me."

He further testified that when he left the detective unit, he did not occupy the same office, and that he did not know what happened to all the case files that were in his office. In preparation for trial, the detective was unable to locate the original note, having searched many different areas of the police station. After being shown a copy of the note at trial, he testified that he identified it as a copy of the note he had been given by SV's mother.

3

Based on Detective Cotter's testimony, the trial judge found that "the note was inadvertently lost and not through the bad faith of the police. The police have made reasonable efforts to try to find it without success, so we can mark that as a full exhibit." A copy of the note was then admitted into evidence without objection.

Discussion. A defendant may obtain a new trial "if it appears that justice may not have been done." Commonwealth v. Tavares, 491 Mass. 362, 365 (2023), quoting Mass. R. Crim. P. 30 (b), as appearing in 435 Mass. 1501 (2001). However, an appellate court will review the decision to grant or deny a motion for new trial "only to determine whether there has been a significant error of law or other abuse of discretion." Commonwealth v. Grace, 397 Mass. 303, 307 (1986). A motion for a new trial may be denied without an evidentiary hearing "if no substantial issue is raised by the motion or affidavits." Mass. R. Crim. P. 30 (c) (3), as appearing in 435 Mass. 1501 (2001). "In determining whether a substantial issue exists, a judge considers the seriousness of the issues raised and the adequacy of the defendant's showing on those issues" (quotation and citation omitted). Commonwealth v. Upton, 484 Mass. 155, 162 (2020).

The question here is whether the defendant presented sufficient credible information that his counsel's performance

4

"fell 'measurably below that which might be expected from an ordinary fallible lawyer,' and that this performance 'likely deprived the defendant of an otherwise available, substantial ground of defence.'" Commonwealth v. Licata, 412 Mass. 654, 661 (1992), quoting Commonwealth v. Saferian, 366 Mass. 89, 96 (1974). A defense is substantial if a reviewing court has "a serious doubt whether the . . . verdict would have been the same had the defense been presented." Commonwealth v. Millien, 474 Mass. 417, 432 (2016).

1. Lost evidence and authentication. The defendant argues that his attorney was ineffective because he did not ask the judge to dismiss the charges due to the loss of the original note, nor did he cross-examine the detective with respect to the loss of the note or object to the copy of the note's introduction. "A defendant who seeks relief from the loss or destruction of potentially exculpatory evidence has the initial burden . . . to establish a reasonable possibility, based on concrete evidence rather than a fertile imagination, that access to the [evidence] would have produced evidence favorable to his cause" (quotations and citation omitted). Commonwealth v. Kee, 449 Mass. 550, 554 (2007). Once that standard has been met, the court must balance the culpability of the Commonwealth, the materiality of the evidence, and the prejudice to the defendant

5

to determine whether the defendant is entitled to any relief. Commonwealth v. Henderson, 411 Mass. 309, 310 (1991).

The defendant posits that the failure of defense counsel to ask the detective any questions about the note was ineffective, speculating that questioning may have led to the discovery of additional witnesses as well as cast doubt on the history of the note. In the materials accompanying his motion for new trial and appeal, however, there is no support whatsoever for either hypothesis. Similarly, there has been absolutely no evidence submitted by the defendant that the copy of the note was fabricated or materially different than the original which was given to Detective Cotter. Thus, the defendant has not met his burden to show that the original note would have "produced evidence favorable to his cause," and his attorney was not ineffective for failing to exclude the copy of the note or cross-examine the detective about the note. Kee, 449 Mass. at 554.

2. Failure to utilize expert witness. The defendant also argues that his trial counsel rendered ineffective assistance by not bringing forth any evidence that SV's mother authored the note as opposed to the victim herself. The thrust of the defendant's argument is that expert testimony as to the note's authorship could have shown that SV fabricated the allegations in collusion with her mother. In support of his motion for new

6

trial, the defendant submitted an affidavit by a handwriting expert.[1]

Here, the motion judge did not abuse his discretion in concluding that the defendant did not raise a substantial question as to counsel's ineffectiveness.  The handwriting expert's affidavit failed to identify whether the defendant had provided her with documents authored by SV's mother or whether she came to any opinion after comparing these documents to the note.  Nothing in the affidavit of the expert or the defendant called into question the authentication of the note.

The judge committed no error in denying the defendant's motion for new trial.[2]

Judgments affirmed.

Order denying motion for new trial affirmed.

By the Court (Desmond, D'Angelo & Smyth, JJ.[3]),

Clerk

Entered:  February 2, 2026.

---

[1] The handwriting expert retained in preparation for trial was a different expert than the expert retained in support of the motion for new trial.

[2] Since we conclude that none of trial counsel's alleged deficiencies have been shown to be ineffective, we also conclude that there were no cumulative errors by trial counsel.

[3] The panelists are listed in order of seniority.

7